UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/31/2020
```

TYRONE FARMER,

                    Plaintiff,

     -against-

THE COUNTY OF WESTCHESTER, THE CITY
OF PEEKSKILL, ERIC JOHANSEN, PAMELA
SGROI, JANE OR JOHN DOE RECORDS
ACCESS OFFICER, SGT. HENTERLONG,
OFFICER VAZEO, and OFFICER SEAN
ECHOLS,

                    Defendants,

No. 18-cv-2691(NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Tyrone Farmer commenced the instant action against Defendants seeking relief

for constitutional violations under 42 U.S.C. § 1983. ("Complaint," ECF No. 2.) Plaintiff filed

an Amended Complaint on October 26, 2018. (ECF No. 32.) Before the Court are Defendant

County of Westchester's letter motion for a pre-motion conference, (ECF No. 47), Defendants

City of Peekskill, Eric Johansen, Pamela Sgroi, Sgt. Henderlong, Officer Vazeo, and Officer

Sean Echols' (collectively, "Peekskill Defendants") letter motion for a pre-motion conference,

(ECF No. 74), Plaintiff's second motion for sanctions, (ECF No. 60), and Plaintiff's motion to

schedule this case for trial and related relief, (ECF No. 68.)

## I.    Motion for Sanctions

      On April 16, 2019, this Court issued a *Valentin* order which required the City of Peekskill

Corporation Counsel's Office, the attorney for and agent of the City of Peekskill Police

Department, to identify the John Doe Records Access Officer Defendants within sixty days of

the order. (ECF No. 34.) However, as of the date of the *Valentin* order, no Defendant had yet

filed a notice of appearance, let alone been served.  By June 24, 2019, each of the Defendants had been served with a summons and an Amended Complaint.  On July 25, 2019, Plaintiff filed his first motion for sanctions due to Defendants' failure to comply with the *Valentin* order.  By order dated August 1, 2019, the Court denied Plaintiff's motion, finding no misconduct because the *Valentin* order was issued before any Defendant had been served and Defendants therefore did not have the opportunity to comply.  The Court further ordered Defendants to provide the identity and badge number for each Doe Defendant in the Amended Complaint and the address where the Defendant may be served to Plaintiff and the Court by September 2, 2019, per the Court's *Valentin* order.

On August 2, 2019, Defendant County of Westchester filed a letter with the Court indicating that no employee of Westchester County met the description of any of the Doe Defendants.  (ECF No. 56.)  Defendant County of Westchester further explained that it neither controls nor supervises the actions of the City of Peekskill or its employees, and thus was not in a position to ascertain the identity of the Doe Defendants.

By letter dated August 5, 2019, Plaintiff complained, *inter alia*, that Defendants failed to comply with the Court's orders and that sanctions were warranted.  (ECF No. 58.)  After the expiration of the deadline in the August 1, 2019, order, Plaintiff filed a second motion for sanctions due to Defendants' failure to comply with the *Valentin* order and the August 1, 2019, order.  (ECF No. 60.)  The Court has reviewed all of Plaintiff's submissions and letters in support of his motion for sanctions as well as Defendants' opposition to the motion.

On February 19, 2020, the Peekskill Defendants filed a letter responding to the Court's orders.  (ECF No. 74.)  Counsel for the Peekskill Defendants indicated that John Doe or Jane Doe Records Officer was Sergeant Sean Echols, who is already a named Defendant in this

matter.  Counsel further explained that the Peekskill Defendants' delay in complying with the Court's orders was due to law office failure in neglecting to monitor the electronic filings in this action and was not willful or the result of bad faith.

The Court notes firstly that Defendant County of Westchester fully complied with the Court's August 1, 2019, order.  Accordingly, there is clearly no misconduct warranting sanctions on that Defendant's part.  As to the Peekskill Defendants, while they did not comply with the deadline in the Court's order, there is no indication that they acted in bad faith in doing so. Moreover, when counsel for the Peekskill Defendants became aware of the order, he immediately complied.  In light of the foregoing, the Court finds no misconduct on the part of any of Defendants; Plaintiff's second motion for sanctions is denied.  *See Virginia Prop., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 118 – 19 (2d Cir. 2017) (reversing a lower court's decision to grant sanctions because the Second Circuit held that there was no evidence of deception); *Hinterberger v. Catholic Health Sys., Inc.*, No. 08-CV-380S(F), 2013 WL 6008961, at *2 (W.D.N.Y. Nov. 13, 2013) (denying the defendants' motion for sanctions against the plaintiffs' attorney because, in part, they failed to show that plaintiffs' counsel acted in bad faith).

## II.     Motion to Schedule Case for Trial

On December 10, 2019, Plaintiff filed a motion for an order scheduling this matter for trial, striking any opposition from Defendants, and granting a default or summary judgment against Defendants.  (ECF No. 68.)  In the same motion, Plaintiff also seeks evidentiary rulings from the Court including an adverse inference instruction due the alleged destruction of Plaintiff's cell phone.  The Court has reviewed all of Plaintiff's submissions and letters in support of his motion as well as Defendants' opposition to the motion.

Plaintiff's request to set this matter down for trial is premature.  Neither of Defendants

has filed an answer in this matter, and all have filed letters seeking permission to move to dismiss.  No discovery has taken place.  Accordingly, this matter is far from trial-ready.  While Plaintiff is free to re-raise evidentiary issues such as spoliation at an appropriate time, such a request is likewise premature given the procedural posture of this case.

Similarly, in the absence of an answer or any discovery, entry of summary judgment as against any Defendant is premature.

Finally, the Court finds that in their letter dated February 18, 2020, the Peekskill Defendants have proffered a reasonable excuse for their default and demonstrate a likelihood of success on the merits.  Thus, entry of default or default judgment against the Peekskill Defendants is unwarranted.  Nor can the Court discern any basis to strike Defendants' opposition.

For all of the foregoing reasons, Plaintiff's motion to set a schedule for trial and related relief is denied.

### III.    Defendants' Pre-Motion Letters

The Court has reviewed each of Defendants' pre-motion letters, as well as Plaintiff's letters in opposition.  The Court waives the pre-motion conference requirement and grants Defendants leave to file their motions to dismiss in accordance with the following schedule: Defendants shall serve, not file, their moving papers on July 6, 2020; Plaintiff shall serve, not file, his opposition to the motions on August 20, 2020; Defendants shall serve their replies, if any, on September 4, 2020.  On September 4, 2020, Defendants shall file all moving papers, including Plaintiff's opposition, on ECF.  The parties are directed to serve two courtesy copies of their moving papers on Chambers on the dates they serve their adversaries.

In accordance with the foregoing, Plaintiff's motion for sanctions and motion to schedule

a trial in this matter with related relief are DENIED.  Defendants' letter motions for leave to file

motions to dismiss are GRANTED in accordance with the schedule provided herein.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 47,

60, 68, 70, and 74.  Defendant County of Westchester is directed to mail a copy of this Order to

Plaintiff at his address on the docket, and file proof of service on the docket.

Dated:    May 31, 2020                                        SO ORDERED:
          White Plains, New York

                                                              _____
                                                              NELSON S. ROMÁN
                                                              United States District Judge