UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TYRONE FARMER,

<table>
<tr><td>Plaintiff,</td><td>**ORDER**</td></tr>
<tr><td>-against-</td><td>18 Civ. 2691 (NSR)(JCM)</td></tr>
</table>

THE COUNTY OF WESTCHESTER, *et al.*,

Defendants.
-------------------------------------------------------X

The Court has reviewed Plaintiff's June 28, 2021 letter, requesting, in part, that an

"[a]dverse-inference instruction be given to future jurors," based on alleged spoliation of

evidence by Defendants The City of Peekskill, Eric Johansen, Pamela Sgroi, Sgt. Henderlong,

Officer Vaseo, and Officer Sean Echols (collectively, the "City Defendants"), (Docket No. 122);

Defendant The County of Westchester's response, (Docket No. 129); and the City Defendants'

response, (Docket No. 131). For the reasons set forth below, Plaintiff's request is denied.

It is axiomatic "that a party's intentional destruction of evidence relevant to proof of an

issue at trial can support an inference that the evidence would have been unfavorable to the party

responsible for its destruction." *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998). "In

order for an adverse inference to arise from the destruction of evidence, the party having control

over the evidence must have had an obligation to preserve it at the time it was destroyed." *In re*

*NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 193 (S.D.N.Y. 2007), *aff'd sub nom. Gordon Partners v.*

*Blumenthal*, No. 02 CIV 7377 LAK, 2007 WL 1518632 (S.D.N.Y. May 17, 2007) (quoting *id.*).

An adverse inference instruction is not appropriate here. The crux of the present litigation is

Plaintiff's claim that while he was being questioned about a burglary for which he was later

convicted, the City Defendants conspired to seize and destroy his cellphone, which allegedly

contained exculpatory information. (*See generally* Docket No. 32). In his instant motion,

Plaintiff requests that the jury be instructed that the City Defendants "intentionally loss [sic] or destroyed" his cellphone. (Docket No. 122).  Plaintiff's motion must fail because, at the time the instant lawsuit was filed, the City Defendants were not in possession of Plaintiff's cellphone. Although the parties agree that Plaintiff's cellphone was lost while in the custody of the Peekskill police, the cellphone has been missing for several years.  Indeed, the parties executed a settlement agreement in 2017, a year before this litigation was commenced, whereby Peekskill paid Plaintiff $290.95 for his lost cellphone. (Docket No. 131-3).  Accordingly, the City Defendants did not have control over Plaintiff's cellphone during the time period relevant to this litigation.  Therefore, Plaintiff's motion for an adverse inference is denied.

       The Clerk is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated:   July 27, 2021
        White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge

- 2 -