UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TYRONE FARMER,

                      Plaintiff,

      -against-                                **ORDER**

THE COUNTY OF WESTCHESTER, *et al.*,         18 Civ. 2691 (NSR)(JCM)

                      Defendants.
--------------------------------------------------------X

      Presently before the Court is the application of *pro se* plaintiff Tyrone Farmer ("Plaintiff") for the appointment of *pro bono* counsel. (Docket No. 166).

      Although there is no constitutional right to counsel in civil cases, the Court has the authority to appoint an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted). The Court should undertake a two-step inquiry in analyzing whether appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court should "determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61). Second, the Court should consider other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62). As the Court "does not have a panel of attorneys who can be compelled to take on civil cases pro bono,

and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (NYDOCS)*, No. 13-Civ-17 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).[1]

The Court notes that Plaintiff previously filed three applications for the appointment of *pro bono* counsel. (Docket Nos. 3, 27, 122). Plaintiff initially sought counsel on March 27, 2018. (Docket No. 3). On June 19, 2018, Amy Jane Agnew, Esq. ("Agnew") entered an appearance on Plaintiff's behalf, rendering the motion moot. (Docket No. 14). On August 8, 2018, Agnew filed a motion to withdraw as counsel on the ground that the attorney-client relationship had broken down, (Docket No. 23), which was granted on August 15, 2018, (Docket No. 24). Plaintiff again moved for counsel, which was summarily denied without prejudice on October 10, 2018, (Docket No. 31 at 9). On July 8, 2021, Plaintiff filed a third motion seeking appointment of counsel, (Docket No. 122), which was also denied without prejudice on July 13, 2021, (Docket No. 126). On November 9, 2021, Plaintiff filed the instant motion seeking, *inter alia*, the appointment of *pro bono* counsel. (Docket No. 166).

The Court assumes for the purposes of this application that Plaintiff's claims may have merit. However, the Court finds that this case does not present any complex issues and observes that Plaintiff has thus far demonstrated an ability to represent himself. Therefore, the Court is not persuaded that appointment of counsel is warranted at this time. Accordingly, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances

---

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

change. *See Ramey*, 2013 WL 1867342, at *1–2.

Dated:  November 30, 2021
       White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge

3