UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/30/2022

TYRONE FARMER,

Plaintiff,

-against-

THE COUNTY OF WESTCHESTER, THE CITY OF PEEKSKILL, ERIC JOHANSEN, PAMELA SGROI, JANE OR JOHN DOE ACCESS OFFICER, SGT. HENDERLONG, OFFICER VAZEO, and OFFICER SEAN ECHOLS,

Defendants.

No. 18 Civ. 2691 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Tyrone Farmer, currently incarcerated at the Five Points Correctional Facility, brings this civil rights action alleging that in March 2012, law enforcement violated his constitutional rights after unlawfully searching his cell phone and failing to preserve the purported exculpatory evidence it contained, which he claims led to his 2013 state burglary conviction and sentence that he completed on October 15, 2020.[1] He also asserts two supplemental state law claims for intentional inflection of emotional distress and negligence arising from those alleged constitutional right violations. He sues Defendants County of Westchester (the "County"), the City of Peekskill (the "City"), Eric Johansen, Pamela Sgroi, Jane or John Doe Access Officer, Sgt. Henderlong, Officer Vazeo, and Officer Sean Echols (collectively, the "City Defendants").

Presently pending before the Court are the County and the City Defendants' motions to

[1] According to the New York State Department of Corrections and Community Supervision ("DOCCS") inmate lookup information, *pro se* Plaintiff is currently incarcerated for an unrelated conviction under N.Y. Penal Law § 121.12 for strangulation in the second degree, a class D felony. *See* New York State DOCCS "Inmate Lookup," *Farmer, Tyrone, DIN: 22B2297*, http://nysdoccslookup.doccs.ny.gov/ (last visited Aug. 29, 2022); *see also Johnson v. City of New York*, No. 15-CV-8195, 2017 WL 2312924, at *2 n.3 (S.D.N.Y. May 26, 2017) ("The Court may take judicial notice of *pro se* Plaintiff's DOCCS inmate lookup information." (collecting cases)).

dismiss Plaintiff's Second Amended Complaint ("SAC," ECF No. 150) under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 178, 188, & 192.) Defendants contend that Plaintiff fails to make any allegations against the County and that all of Plaintiff's claims against the City Defendants are time-barred by the statute of limitations. For the following reasons, the Court GRANTS the County and the City Defendants' motions to dismiss.

**BACKGROUND**

As a preliminary matter, the Court notes that Plaintiff's SAC contains extremely limited factual content and consists in its majority of legal citations and general legal conclusions. (*See generally* SAC.) Plaintiff's filings for the instant motion, including some sur-replies made without prior leave of court, fare no better because they similarly consist in their majority of legal citations and general legal conclusions, some of which are not even applicable to his case even when liberally construed in his favor. (*See generally* ECF Nos. 183, 187, 194, 199, 202, 210.)

For instance, in some filings, Plaintiff includes general legal conclusions about unlawful searches and municipal liability, which are seemingly relevant to his asserted claims. But then Plaintiff veers off to general legal conclusions about the need for an adverse inference instruction at a criminal trial due to purported spoilation of evidence (even though Plaintiff already completed his criminal sentence for the burglary), about the exclusionary rule for unlawfully obtained incriminating evidence (which contradicts what he seems to allege here—*i.e.*, the destruction of exculpatory evidence), and about denials of a fair trial (despite the fact that he *pleaded guilty* to the burglary charge that he claims arose from Defendants' alleged unlawful conduct[2]). Additionally, throughout his filings, Plaintiff employs terms and phrases saturated in legalese that

[2] *See Farmer v. Colvin*, 17 CIV. 1091 (PMH) (PED), 2021 WL 4555835, at *5 (S.D.N.Y. Aug. 30, 2021*), report and recommendation adopted sub nom. TYRONE FARMER, Petr., v. JOHN COLVIN, Respt.*, 17-CV-01091 (PMH), 2021 WL 4555041 (S.D.N.Y. Oct. 4, 2021).

makes most of his writing unclear or incomprehensible. (*See generally* SAC; ECF Nos. 183, 187, 194, 199, 202, 210.)

With that in mind, because the limited factual allegations contained in Plaintiff's SAC and his briefing for the instant motion are substantially the same as the more detailed ones contained in his original Complaint and Amended Complaint, the Court assumes familiarity with the facts of the case and the majority of its procedural history, which were laid out in detail in the Court's September 15, 2021 opinion and order. (*See* ECF No. 145); *Farmer v. Cnty. of Westchester*, 18-CV-2691 (NSR), 2021 WL 4199944, at *1–*5 (S.D.N.Y. Sept. 15, 2021).

After the Court dismissed all of Plaintiff's claims contained in his original Complaint and Amended Complaint on September 15, 2021, Plaintiff filed his SAC on September 27, 2021. (SAC, ECF No. 150.) After they sought leave to file motions to dismiss the SAC, the Court granted the County and the City Defendants leave to do so and issued a briefing schedule accordingly. (ECF No. 155.)

On January 11, 2022, the parties filed their respective briefing on the instant motions: the County filed its notice of motion (ECF No. 178), declaration in support with accompanying exhibits (Cosgriff Decl., ECF No. 179), memorandum in support ("County Motion," ECF No. 181), reply ("County Reply," ECF No. 185), reply affidavit (Cosgriff Reply Aff., ECF No. 184), and sur-reply ("County Response to Sur-reply," ECF No. 213); the City Defendants filed two notices of motion—one of which is a duplicate (ECF Nos. 188 and 192), their declaration in support with accompanying exhibits (Burke Decl., ECF No. 189), memorandum in support ("City Defendants' Motion," ECF No. 190), reply declaration ("City Defendants' Reply," ECF No. 200), and sur-reply ("City Defendants' Response to Sur-reply," ECF No. 213); and Plaintiff his opposition to the County's motion ("Response in Opposition to County," ECF No. 183), his

opposition to the City Defendants' motion ("Response in Opposition to City Defendants," ECF No. 187), and his consolidated sur-reply to both motions ("Sur-reply," ECF No. 210).[3]

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. *Pro se* litigants are not exempt from these pleading standards, but courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). *Pro se* complaints are read with a "special solitude" to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted).

In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.,* 282 F.3d

[3] On February 7, 2022, the Court issued a memorandum endorsement informing Plaintiff that he filed multiple sur-replies without prior leave of court, reason for which it would not consider them for purposes of the instant motions. (ECF No. 206.) Further, the Court granted Plaintiff leave to file a consolidated sur-reply and also granted leave to the County and City Defendants to file responses to Plaintiff's consolidated sur-reply. (*Id.*) Despite the Court's clear warning, Plaintiff nonetheless filed another sur-reply without prior leave of court on August 29, 2022. (ECF No. 217.) Accordingly, the Court does not consider this last filing for purposes of the instant motions.

147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Id.* (internal citation omitted).

**II. 42 U.S.C. § 1983 Claims**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

**DISCUSSION**

The Court liberally construes Plaintiff's SAC and relevant filings to assert federal law claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 for alleged violations of his Fourth Amendment right to be free from unlawful searches and seizures, and his Fourteenth Amendment right to liberty and due process. (*See* SAC at 8–9.) The Court also liberally construes Plaintiff to assert two supplemental state law claims: one for intentional infliction of emotional distress and

one for negligence. (*See id.* at 13.) Through these claims, Plaintiff seeks $5,000,000 in monetary damages. (*Id.*)

The County and the City Defendants move to dismiss Plaintiff's SAC on several grounds. For its part, the County argues that while the SAC's caption names it as a defendant, the SAC contains no allegation whatsoever against it. (*See* County Mot. at 5–14.) For their part, the City Defendants argue that all of Plaintiff's claims are barred by the applicable statutes of limitations. (*See* City Defs.' Mot. at 8–10.) Alternatively, the City Defendants argue that Plaintiff's SAC fails to identify any factual allegations to support any of the claims he seemingly asserts. (*See id.* at 10–24.) After due consideration, the Court agrees with the County and the City Defendants that Plaintiff's SAC must be dismissed.

**I. The SAC Contains No Factual Allegations Against the County**

First, the Court agrees with the County that, despite the Court giving Plaintiff a detailed explanation about why he failed to allege a plausible claim against the County, *see Farmer*, 2021 WL 4199944, at *7–*10, even when liberally construed in his favor, his SAC and relevant filings still fails to assert any plausible allegation against the County.

Rule 8(a) of the Federal Rules of Civil Procedure "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Pleadings fail to meet that minimum requirement where allegations "lump[ ] all the defendants together in each claim and provide no factual basis to distinguish their conduct." *Id.* Additionally, it is well established that "[w]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Massaro v. Town of Trumbull*, 525 F. Supp. 2d 302,

306 (D. Conn. 2007) (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y.1999), *aff'd*, 210 F.3d 354 (2d Cir. 2000)).

Here, Plaintiff names the County as a defendant in the SAC's caption, but otherwise fails to assert any allegation against it. (*See* SAC at 1.) Indeed, in the SAC's "Parties" section, Plaintiff names six defendants[4] in total—each of the City Defendants—but makes no mention of the County. (*See id.* at 3–4.)

Additionally, insofar as Plaintiff makes any allegation in his briefing against the County by alleging wrongful conduct committed by its "District Attorney"[5] (*see* Resp. in Opp'n to County at 13), these allegations are still insufficient to state a claim against the County. "A municipality, or private actor engaged in governmental action, may not be held liable under Section 1983 on a *respondeat superior* theory solely because the municipality employs a tortfeasor." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 591 (1978). Instead, a plaintiff must allege "that the municipality itself caused or is implicated in the constitutional violation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004).

Accordingly, the Court dismisses Plaintiff's claims against the County.

---

[4] Plaintiff included both Sgt. Henderlong and Officer Vazeo as "Defendant 4." (*See* SAC at 3–4.)

[5] Because of Plaintiff's numerous meandering legal conclusions in his briefing, even when liberally construing the same, it remains unclear to the Court whether Plaintiff seems to allege either that the "District Attorney" failed to disclose potentially exculpatory evidence or whether the "District Attorney" failed to preserve (or willfully destroyed) exculpatory evidence. (*See, e.g.*, Resp. in Opp'n to County at 7–14.) Even when assuming that he intended to allege both, Plaintiff provides no factual allegations whatsoever that could aid the Court to liberally construe either kind of allegation.

## II. All of Plaintiff's Claims Against the City Defendants are Barred by the Applicable Statutes of Limitations[6]

The City Defendants next argue that Plaintiff's claims against them are all time-barred by the applicable statutes of limitations because, as alleged, the events giving rise to the relevant claims occurred on March 23, 2012. (City Defs.' Mot. at 8–10.) The Court agrees.

With respect to Plaintiff's federal claims, the applicable statute of limitations period for claims brought under §§ 1983 and 1985 is three years from the time the claim accrued. *See Pressley v. City of New York*, 2013 WL 145747, *8 (E.D.N.Y.2013) (quoting *Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 199 n. 2 (2d Cir. 2001) ("The statute of limitations for actions brought pursuant to §§ 1983 and 1985 is three years.")). "The statute of limitations for claims brought under § 1981, as amended by the Civil Rights Act of 1991, is four years." *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 209 (E.D.N.Y. 2014) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)). "For actions brought pursuant to § 1986, the limitations period is one year." *Paige*, 264 F.3d at 199 n.2 (quoting 42 U.S.C. § 1986)). Under federal law, the claim accrues when the plaintiff knows or has reason to know of the harm or injury that is the basis of his action. *See Young v. Lord & Taylor*, LLC, 937 F. Supp. 2d 346, 354 (E.D.N.Y. 2013) (citing *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994), *abrogated in part on other grounds*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

[6] As a threshold matter, the Court notes that Plaintiff's claims are not barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Despite that Plaintiff's claims, if successful, could arguably controvert the validity of his 2012 burglary conviction and sentence, there is no danger here that the instant action "would allow Plaintiff to engage in an end-run around the requirements for bringing a habeas corpus petition because he has completed his term of imprisonment." *See Miner v. Goord*, 354 F. App'x 489, 491 (2d Cir. 2009) (citing *Green v. Montgomery*, 219 F.3d 52, 61 n. 3 (2d Cir. 2000); *McKithen v. Brown*, 481 F.3d 89, 100–01 (2d Cir. 2007)). As noted above, Plaintiff completed the sentence for the relevant 2012 state burglary conviction on October 15, 2020.

With respect to Plaintiff's supplemental state claims, General Municipal Law § 50-i(1)(c) provides that the applicable statute of limitations is one year and ninety days. *See Banker v. Cnty. of Livingston*, 782 F. Supp. 2d 39, 44 (W.D.N.Y. 2011).

Here, Plaintiff commenced the instant action on March 27, 2018. (ECF No. 2.) Additionally, all of Plaintiff's asserted claims began accruing nearly six years before bringing the instant action: on March 23, 2012, when Plaintiff alleges that the City Defendants unlawfully seized and searched his phone and failed to preserve the purported exculpatory evidence it contained. (*See* SAC at 6.) Therefore, all of Plaintiff's claims are time-barred by their respective applicable statute of limitations.

At best, when liberally construing the SAC and the relevant filings in his favor, the only other potential date the Court could consider as the date when Plaintiff first came to know or had reason to know of the injury resulting from the City Defendants' conduct was the day on which he pleaded guilty to the state burglary charge against him: April 12, 2013. *See Farmer v. Colvin*, 17 CIV. 1091 (PMH) (PED), 2021 WL 4555835, at *5 (S.D.N.Y. Aug. 30, 2021), *report and recommendation adopted sub nom. TYRONE FARMER, Petr., v. JOHN COLVIN, Respt.*, 17-CV-01091 (PMH), 2021 WL 4555041 (S.D.N.Y. Oct. 4, 2021). That is because Plaintiff seems to claim in his SAC and relevant briefing that the City Defendants' conduct ultimately led to his 2013 burglary conviction and sentencing. But even then, all of Plaintiff's claims would be nonetheless time-barred by their respective applicable statute of limitations.

Accordingly, the Court dismisses all of Plaintiff's claims against the City Defendants.

**III. Leave to Amend**

As a final matter, although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999), a district court may deny leave to amend when amendment would be futile because the problem with the

claim "is substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility."). While courts should be more lenient when considering a *pro se* party's motion to amend than when considering that of a represented party, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim, *see Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10–CV–2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010).

The Court finds that to be the case here. To begin, "[a]ny attempt to amend claims barred by the [applicable] statute of limitations is futile." *In re Merrill Lynch & Co.,* 273 F. Supp. 2d 351, 393 (S.D.N.Y. 2003). Moreover, with respect to Plaintiff's claims against the County, as alleged, such claims also appear to be barred by the statute of limitations because they similarly arise from the same facts giving rise to his claims against the City Defendants.

But at any rate, Plaintiff has already unsuccessfully amended his claims twice after having the benefit of a pre-motion letter from the County and the City Defendants stating the grounds on which they would move to dismiss, and the Court's opinion and order explaining in detail the deficiencies in his claims. *See Nat''l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.") (alteration, footnote, and internal quotation marks omitted); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities

to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (per curiam) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.") (internal quotation marks omitted).

Accordingly, the Court dismisses Plaintiff's SAC with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the County and the City Defendants' motions to dismiss and DISMISSES *pro se* Plaintiff's Second Amended Complaint in its entirety without leave to replead. The Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions at ECF 178, 188, and 192, and this action, and to enter judgment accordingly. The Clerk of the Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at his address listed on ECF and file proof of service on the docket.

Dated: August 30, 2022
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge